In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-231 CV


____________________



DAIRYLAND COUNTY MUTUAL INSURANCE 


COMPANY OF TEXAS, Appellant



V.



VAL CASBURG, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE


OF THE ESTATE OF CHARLES CASBURG, DECEASED, AND ON BEHALF 


OF ALL OTHERS SIMILARLY SITUATED, Appellee






On Appeal from the 58th District Court


Jefferson County, Texas


Trial Cause No. A-163,579






OPINION


 Charles Casburg obtained a motor vehicle insurance policy from Dairyland County
Mutual Insurance Company of Texas. When he applied for the policy, Charles Casburg
signed a rejection box, which stated, "I reject UM/UIM B.I. and P.D. coverage in its
entirety." Mr. Casburg perished in a motor vehicle accident during a renewal term of the
policy. Acting individually and in her capacity as personal representative of her husband's
estate, Val Casburg, his widow, sued Dairyland for a declaratory judgment invalidating
the rejection of uninsured motorist/underinsured motorist coverage, for an injunction
against denying claims based upon the rejection form, and for damages for negligence and
breach of contract. Casburg sought class certification. She later amended the pleadings
to drop the negligence and breach of contract claims. On May 8, 2001, the trial court
certified a mandatory class defined as all individuals or entities who purchased automobile
insurance from Dairyland in Texas after June 1, 1994, who also executed an
uninsured/underinsured motorist coverage selection/rejection form declining to accept the
coverage, and "all individuals or entities qualifying as 'covered persons' under the terms
of the associated policies." Dairyland pursued this interlocutory appeal. See Tex. Civ.
Prac. & Rem. Code Ann. § 51.014(a)(3) (Vernon Supp. 2002). The appellant's brief
presents two issues: 1) whether the trial court abused its discretion in granting the
appellee's Motion for Class Certification; and 2) whether the class in this case satisfies the
required elements of Tex. R. Civ. P. 42. 

 In support of her motion for class certification, Casburg alleged: "Each member of
the Class will have executed a form containing the identical omissions and have been
subjected to DAIRYLAND's policy of denying the existence of uninsured motorist
coverage on effected policies." The trial court conferred class action status to Casburg's
suit pursuant to Tex. R. Civ. P. 42(b)(2). (1) On appeal, Dairyland argues that, even if
Casburg satisfied the Rule 42(a) prerequisites for class certification, the class lacks the
cohesiveness essential to a Rule 42(b)(2) mandatory class. The federal courts interpreting
Federal Rule of Civil Procedure 23(b)(2) have warned against attempts to "shoehorn"
damages actions into the (b)(2) class framework. See Bolin v. Sears, Roebuck & Co., 231
F.3d 970, 976 (5th Cir. 2000). (2) A (b)(2) class is presumed to be homogenous because of
the group nature of the relief sought. Allison v. Citgo Petroleum Corp., 151 F.3d 402,
413 (5th Cir. 1998). Nonequitable monetary relief may be obtained in a (b)(2) class action
only if the predominant relief sought is injunctive or declaratory. Id. at 425. The mere
recitation of a request for declaratory relief cannot transform damages claims into a (b)(2)
class action. Bolin, 231 F.3d at 978. Nor is it proper to certify a class under (b)(2) where
the declaratory relief is used simply to lay the basis for a later damage award. Sarafin v.
Sears, Roebuck and Co., 446 F. Supp. 611, 615 (N.D. Ill. 1978). If significant individual
issues pervade the action, certification of a (b)(2) class might prejudice the absent class
members whose claims present different individual issues than those of the class
representative. Barnes v. American Tobacco Co., 161 F.3d 127, 143 (3rd Cir. 1998). 
Little value is gained from a class action where factual distinctions make the class
unmanageable. Id. 

 In Bolin, the vast majority of the class members had already been exposed to the
defendant's improper collection efforts and would benefit only from damages. Bolin, 231
F.3d at 978. In this case, the class consists of all of Dairyland's post-June 1, 1994,
automobile insurance purchasers who executed a form rejecting uninsured/underinsured
motorist coverage, and all individuals or entities qualifying as "covered persons" under
the terms of those policies. The class definition includes persons who suffered no
pecuniary loss because they were not involved in an accident with an uninsured or
underinsured motorist, and persons who have a claim for damages against Dairyland
because they were injured in an accident with an uninsured or underinsured motorist while
insured by Dairyland. The only persons who could benefit solely from an injunction
against denying claims based upon the rejection form, or corresponding declaratory relief,
are those covered persons who have been injured in an accident with an uninsured or
underinsured motorist but who have not yet made a claim on the policy. For all other
persons in the class, including Casburg, there is either no benefit to a declaration voiding
the rejection form, or a separate action for damages would be required regardless of the
outcome of the declaratory judgment action. 

 Casburg seeks a judicial determination that the rejection forms utilized by Dairyland
are void because the forms do not include an express, written rejection in language
demonstrating that the insured has some knowledge of what he is rejecting. The
controversy between Dairyland and the members of the class cannot be resolved by a
declaratory judgment that resolves only that issue. The statute that requires a written
rejection of the coverage in question requires no special language to effect that rejection.
Tex. Ins. Code Ann. art. 5.06-1 (Vernon 1981); see Ortiz v. State Farm Mut. Auto. Ins.
Co., 955 S.W.2d 353, 357 (Tex. App.--San Antonio 1997, pet. denied). Since the class
is composed of persons who either signed a rejection of uninsured/underinsured motorist
coverage or persons who are covered under policies in which the insured rejected the
coverage, whether the rejection was made knowingly is unavoidably an issue for each
member of the class.

 We hold that the trial court abused its discretion by ordering certification of the
class under Rule 42(b)(2). Issue one is sustained. We reverse the class certification order
and remand the cause to the trial court for further proceedings consistent with this opinion.




 REVERSED AND REMANDED.



 ______________________________

 RONALD L. WALKER

 Chief Justice



Submitted on September 20, 2001

Opinion Delivered December 20, 2001

Publish


Before Walker, C.J., Burgess and Gaultney, JJ.
1. "[T]he party opposing the class has acted or refused to act on grounds generally
applicable to the class, thereby making appropriate final injunctive relief or corresponding
declaratory relief with respect to the class as a whole. . . ." 
2. Because Rule 42(b)(2) is patterned after Federal Rule of Civil Procedure 23(b)(2),
opinions interpreting the federal rule are persuasive authority. See Southwestern Ref. Co.
v. Bernal, 22 S.W.3d 425, 433 (Tex. 2000).